{¶ 30} GRADY, J., concurring:
 {¶ 31} On this record, reasonable minds could find that Spears tortiously interfered with the business relationship between Lookabaugh and Landmark. Lookabaugh has a right of action against Spears on a claim that as a proximate result of Spears' tortious conduct Lookabaugh was deprived of an expectancy that he reasonably anticipated from his relationship with Landmark. Annotation, Liability For Interference With At-Will Business Relationship (1981), 5 A.L.R. 4th 9, 40. "Expectation damages" may be awarded for the loss. *Page 12 
 {¶ 32} An expectancy for these purposes is not confined to lost compensation. It may also include some benefit or advantage unique to the particular situation, as Judge Wolff points out. On this record, Lookabaugh's ability to go home over his lunch hour to check on his seriously ill wife was an advantage to his employment by Landmark in its South Charleston facility which was not likewise available after the transfer to its Catawba facility that Landmark offered Lookabaugh in order to mollify Spears. Damages could be awarded for Lookabaugh's lost expectation. The value of his loss is a question of fact.
 {¶ 33} However, Lookabaugh does not rely on that particular lost expectation as the basis of the damages he seeks. Rather, Lookabaugh limits his claim to an alleged wrongful termination by Landmark. (Complaint, paragraphs 19, 20, and 34). Indeed, in his brief on appeal, Lookabaugh argues: "If Defendant Landmark did not discharge Plaintiff Lookabaugh, Plaintiffs claims against both Defendants fail," (p. 17), and "The . . . element of damages is so closely connected with the question of discharge as to warrant them being treated as one." (P. 20).
 {¶ 34} I agree, for the reasons stated by Judge Wolff, that reasonable minds could not find that Lookabaugh was terminated by Landmark, wrongfully or otherwise, in view of the circumstances of his resignation, Spears' allegedly wrongful conduct notwithstanding. Therefore, I agree that Landmark is entitled to summary judgment on the claims for relief against it pleaded in Lookabaugh's complaint.
Copies mailed to:
 Don Brezine *Page 1